Application of Richard F. SHANNON.
Patent Appeal No. 7109.

United States Court of Customs and Patent Appeals.
Feb. 13, 1964.

Carl F. Schaffer, Toledo, Ohio (John C. Purdue, Toledo, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

This appeal is from a decision of the Patent Office Board of Appeals affirming the examiner's rejection of claims 1 through 9 and 11 through 16 of appellant's application serial No. 544,825, filed November 3, 1955, for REINFORCED MOLDABLE COMPOSITION. No claim in the application has been allowed.

Appellant's application relates to a reinforced moldable composition which includes an organic or inorganic bonding material and glass both in fibrous form and in flake or platelet form. The invention is said to be "based upon the dis-

covery that bodies reinforced with glass both in fibrous and in flake or platelet form can be produced, and that such bodies have electrical characteristics, weathering properties, vapor and liquid impermeability, and flame resistance substantially improved by virtue of the flake or platelet glass, and excellent physical properties by virtue of the presence of the fibrous glass." Appellant states that the presence of fibrous glass in his moldable compositions facilitates the complete removal of any entrapped air, which "has been found to be extremely difficult to accomplish in compositions including glass flakes and a binder, but without any fibrous glass." Such removal is necessary, according to appellant, in order to achieve "the optimum adhesion between glass flakes or platelets and a binder in a reinforced body."

Claims 1 and 11 are representative and read:

"1. A reinforced body consisting essentially of fibrous glass reinforcement, flake glass reinforcement, and from 10 per cent to 70 per cent of a solid binder composition adhered to such glass, and wherein from 1 per cent to 50 per cent of the glass reinforcement is fibrous while the remainder thereof is in flake form.

"11. A molding composition consisting essentially of an intimate admixture of fibrous glass reinforcement, flake glass reinforcement and from 10 per cent to 70 per cent of moldable, synthetic resinous binder composition, and wherein from 1 per cent to 50 per cent of the glass reinforcement is fibrous."

Claims 1 through 8 are directed to a reinforced body while claims 9 and 11 through 16 are directed to a molding composition. Claims 1, 2 and 9 are said to be generic to organic and inorganic types of binders while claims 3, 4, 5 and 11 through 16 are said to be specific to organic binders. Claims 6, 7 and 8 are said to be specific to inorganic binders.

The references relied on by the examiner and the board are:

| | | |
|---|---|---|
| Whitney | 726,485 | Apr. 28, 1903 |
| Hofman | 1,211,445 | Jan. 9, 1917 |
| Slayter et al. | 2,457,785 | Dec. 28, 1948 |
| Dearing et al. | 2,623,025 | Dec. 23, 1952 |
| Anderson | 2,632,752 | Mar. 24, 1953 |

Whitney describes insulating material formed by compacting or pressing together sheets or flakes of glass with a suitable flexible binding material, "such as shellac, boiled linseed-oil, paraffin or other wax, or the like."

Hofman describes compositions for making hard wall plaster and building blocks, consisting of ordinary clay, lime, gypsum, pulverized glass and muriatic acid. Fibers can be included in the compositions.

The Slayter et al. patent describes an apparatus for forming glass film. The glass film may be reduced to flakes of any desired size, the patentees stating that the dielectric qualities of the glass flakes are advantageous in electrical applications, and when combined with a suitable resin an efficient electrical insulation is obtained.

The Dearing et al. patent discloses synthetic resinous polyester compositions which can contain a fibrous filler such as glass fibers or a non-fibrous filler such as ground glass.

Anderson discloses a composition which comprises dehydrated kaolin and a polymerizable polyester. The composition is said to have improved water resistance and electrical properties after polymerization.

The examiner rejected claims 1, 2 and 6–9, which are readable on inorganic binders, as unpatentable over Hofman in view of Whitney or Slayter et al., the

520

examiner stating that glass fibers are old as reinforcements for various bodies and that "no invention" is seen in using them as the fibers in Hofman's plaster. Referring to appellant's urging that the pulverized glass, which is added to the starting composition in the Hofman patent, reacts with other constituents of the composition during a preliminary heating and thus the pulverized glass is not found as such in the Hofman composition, the examiner stated:

"While glass is a notoriously inert material even at red heat, even if applicant is correct in his statement that there is no ground glass present in the ultimate composition of Hofman it is not seen why it should be regarded as inventive to add flake glass to the Hofman plaster, when glass flakes are old as fillers as shown by Whitney and Slayter. There is *not the slightest indication* in either the brief or the specification of why it is desirable to add glass flakes to an *inorganic* fiber-containing binder in any proportion whatever. The glass flakes appear to be an inert filler and nothing more."

The examiner rejected claims 3 through 5 and 11 through 16, which claims are specific to organic binders, as unpatentable over Anderson or Dearing et al. in view of Whitney. Concerning those claims he stated:

"Again, the glass flakes merely appear to be a filler and applicant has not shown any advantage in adding glass flakes to the glass-fiber—reinforced resins of the primary references."

The board, in affirming the examiner's rejection of all the claims stated:

"The use of glass fibers to increase the strength of various binders is well known in the art as apparently acknowledged in appellant's specification and clearly taught in the references of record, such as Anderson and Dearing et al. It is also well known, as indicated by Whitney and Slayter et al. to employ glass flakes in binders to produce compositions having high dielectric properties. In our opinion, it is quite obvious to one having ordinary knowledge in this art to combine glass flakes and glass fibers to obtain the additive benefits of each, thus to anticipate appellant's contribution.

"We consider this combination to be particularly apparent in view of the teaching in Anderson * * * of a filler mixture of a mineral fiber, such as a glass fiber * * *, and a filler having high insulation properties to obtain the combined advantages of high impact strength as well as improved electrical properties. The substitution of glass flakes for the dehydrated kaolin of Anderson is rendered obvious by the use thereof in Whitney and Slayter et al. for the same purpose. We, therefore, consider the Examiner's rejections of the appealed claims, as set forth in the answer, to be proper. Since we consider the claimed combination to be obvious to one skilled in this art, the various showings of allegedly improved properties are not significant."

Appellant contends that there is no suggestion in the prior art of adding fibers to a glass flake-binder composition nor any recognition in any of the prior art of the fact that the elimination of entrapped air is a problem, or that such air decreases the strength of the bond between glass flakes and a binder or is otherwise detrimental.

The issue to be resolved here is whether it would have been obvious for one skilled in the art to make appellant's compositions having available the teachings of the cited references. We think it would.

We agree with the board that the use of glass fibers to increase the strength of various binders was well known in the art at the time of appellant's invention. The patent to Anderson, after listing fiber glass as a filler for a binder states:

" * * * the presence of a filler in a hardened synthetic resin may cause

a substantial improvement in strength, * * *"

Anderson also teaches the use of filler combinations to obtain the sum of advantages which the filler ingredients could impart individually. Anderson, while disclosing that dehydrated kaolin improves the water resistance and electrical properties of a moldable composition, states further that:

"A filler combination comprising dehydrated kaolin and mineral fibers (e. g., anthophyllite fibers) performs an additional function in the practice of the invention by imparting better molding properties to a polymerizable unsaturated polyester composition than the molding properties of a polyester composition containing dehydrated kaolin as the sole filler. The use of a filler mixture also improves the impact strength of articles molded from the composition."

Moreover, we think the art suggests that the addition of large glass flakes to molding compositions containing an inorganic or organic binder reinforces plastics and provides desirable electrical characteristics and resistance to moisture penetration. Whitney states that a very valuable insulating material can be formed by compacting together "flakes" of glass with a suitable flexible binding material. Slayter et al. state:

"High dielectric properties are obtained by using glass film in continuous sheet form in which the unbroken surfaces of the film provide an impervious sheet. This is a great advantage where resistance to moisture penetration is required and it is not readily obtainable when film in the form of *small* flakes are used.

"It is also to be understood that the thin film formed in the present manner may be reduced to flakes of any desired size by cutting, chopping or ball milling when it is desired to use them as a *reinforcement* for plastics. The *dielectric qualities* of the glass flakes are advantageous in electrical applications and when combined with a suitable resin having the requisite characteristics * * * an efficient electrical insulation is obtained." [Emphasis ours.]

Accordingly, since it was known at the time of appellant's invention to use in moldable compositions a filler combination to obtain the sum of the advantages which the filler ingredients could impart individually and since the prior art discloses the advantages in adding glass fibers on the one hand and glass flakes on the other hand to moldable compositions containing conventional binders, we think the prior art would suggest the addition to conventional binders of both glass fibers and glass flakes to provide a composition having the sum of the characteristics which the glass fibers and glass flakes could impart when used without the other.

Appellant contends that he attains a composition having fewer air bubbles through the use of glass fibers and has submitted an affidavit directed to a glass fiber-glass flake-resinous binder molding composition to support his contention. It is apparent, however, that the claims in issue directed to the reinforced body do not limit the amount of entrapped air in the bodies defined. Insofar as the claims to a molding composition are concerned, we agree with the board that "it is an inherent result in the combination," which combination we think is clearly obvious from the art of record. Moreover, in the affidavit he submits in support of his contention, he relies only on a process utilizing a vacuum. There is no showing that any unobvious reduction in the amount of air bubbles results from the mere utilization of glass fibers in the absence of such a vacuum.

For the foregoing reasons the decision of the board is affirmed.

Affirmed.